# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| FRANCIS L. SIMS, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| v. | ) | CAUSE NO.: 3:12-CV-4-TLS |
| SUPERINTENDENT, | ) |  |
| Respondent. | ) |  |

## OPINION AND ORDER

This matter is before the Court on a Habeas Corpus Petition [ECF No. 1] filed by the Petitioner, Francis L. Sims, a prisoner proceeding pro se in this matter. The Petitioner seeks to challenge his conviction and two hundred fifty year sentence entered by the Lake County Superior Court under cause number 45G03-0312-FA-48. Because the Petitioner filed after the expiration of the statute of limitations and has not provided the Court with any basis for excusing his late filing, the Court will dismiss the Habeas Corpus Petition.

Habeas corpus petitions are subject to a one year statute of limitations. 28 U.S.C. § 2244(d). The one-year period begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). In response to the form question asking why the petition is timely, the Petitioner stated only, "[p]etition is within the period of limitation." (Habeas Corpus Pet. 5, ECF No. 1.) He does not indicate that the state prevented him from filing a habeas petition sooner or that his claims are based on a newly recognized Constitutional right or newly discovered evidence. Therefore, pursuant to 28 U.S.C. § 2244(d)(1)(A), the one-year period of limitation began to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."

The Petitioner was sentenced on September 16, 2006. He filed a direct appeal and his conviction was affirmed by the Court of Appeals of Indiana on September 7, 2007. He did not file a petition to transfer to the Indiana Supreme Court and the time for doing so expired on October 8, 2007. *See* Ind. R. App. P. 57.C (petition to transfer must be filed "no later than thirty (30) days after the adverse decision"); Ind. R. App. P. 25.B (when the last day provided for filing a petition to transfer is a non-business day, the deadline expires at the end of the following business day). Thus, on October 9, 2007, the one-year period of limitation began. *See Gonzalez v. Thaler*, 132 S. Ct. 641, 654 (2012) ("[B]ecause [the petitioner] did not appeal to the State's highest court, his judgment became final when his time for seeking review with the State's highest court expired.") One year later, on October 9, 2008, the time for filing a habeas corpus petition expired.

The Defendant initially filed a petition for post-conviction relief in state court on May 18, 2009. A pending post-conviction relief petition tolls the one-year period of limitation. 28 U.S.C. § 2244(d)(2). The Petitioner, however, filed his state petition after the one-year limitation period for bringing this claim had expired. The Petitioner did not sign the instant federal habeas corpus

petition until November 24, 2011, more than three years after the expiration of the time for filing a habeas corpus petition, or about one year and eight months after the deadline if the Court did not count against him the time during which he had post-conviction petitions pending before the state courts. Therefore, the Habeas Corpus Petition is untimely and must be dismissed.

Pursuant to Section 2254 Habeas Corpus Rule 11, the Court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability, the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation marks omitted). When the court dismisses a petition on procedural grounds, the petitioner must show (1) that reasonable jurists would find it debatable whether the court was correct in its procedural ruling, and, (2) that reasonable jurists would find it debatable whether the petition states a valid claim for denial of a constitutional right. *Id.* To obtain a certificate of appealability, the petitioner must satisfy both components. *Id.* at 485. In this case, the Court found that the Habeas Corpus Petition was not timely filed. Because there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling or find a reason to encourage him to proceed further, a certificate of appealability must be denied.

For the foregoing reasons, the Court DISMISSES the Habeas Corpus Petition [ECF No. 1] as untimely and DENIES a certificate of appealability on the same.

SO ORDERED on February 6, 2012.

    s/ Theresa L. Springmann  
THERESA L. SPRINGMANN

UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION